# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Sarvint Technologies, Inc., | Civil Action No. 1:15-cv-00069-TCB |
| Plaintiff, | |
| v. | Jury Trial Demanded |
| Carre Technologies, Inc., | |
| Defendant. | |

## CARRE'S FIRST AMENDED ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Carre Technologies, Inc. ("Carre") hereby files its First Amended Answer to Plaintiff Sarvint Technologies, Inc.'s ("Plaintiff") Complaint for patent infringement. Carre denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs:

1. Carre admits that actions for patent infringement arise under the Patent Laws of the United States, Title 35 of the United States Code. Carre denies there is any basis in law or fact for Plaintiff's allegations of patent infringement. Carre denies that Plaintiff is entitled to any relief, including an injunction or damages.

Carre admits that U.S. Patent No. 6,381,482 (the "'482 patent") is entitled "Fabric or Garment with Integrated Flexible Information Infrastructure." Carre admits that U.S. Patent No. 6,970,731 (the "'731 patent") is entitled "A Novel Fabric-Based Sensor for Monitoring Vital Signs." Carre denies the remaining allegations set forth in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. Carre lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and on that basis denies them.

3. Carre admits that it is a corporation as alleged.

4. Carre admits that is may be served this Complaint upon its registered agent.

5. Carre admits that actions for patent infringement arise under 35 U.S.C. §§ 271, 281, and 284-85, among others. Carre denies there is any basis in law or fact for Plaintiff's allegations of patent infringement. Carre admits that subject matter jurisdiction for patent infringement is provided for under 28 U.S.C. §§ 1331 and 1338(a). Carre denies any remaining allegations set forth in Paragraph 5 of the Complaint.

6. Carre admits that 28 U.S.C. §§ 1391(b) and (c) and 1400(b) govern the proper venue for civil actions in United States district courts. Carre denies that

the Northern District of Georgia is a proper and convenient venue for this dispute. Carre denies that it has committed acts of infringement, including acts in the Northern District of Georgia or any other judicial district. Carre denies that it has done business relevant to this dispute in the Northern District of Georgia. Carre denies that Plaintiff is entitled to any relief. Carre denies any remaining allegations set forth in Paragraph 6 of the Complaint.

7. Carre respectfully contests that the Northern District of Georgia had personal jurisdiction over Carre at the time the Complaint was filed. Carre denies that it has committed any acts of infringement. Carre denies that any portion of the infringement alleged by Plaintiff occurred in this District. Carre denies any remaining allegations set forth in Paragraph 7 of the Complaint.

8. Carre lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and on that basis denies them.

9. Carre lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and on that basis denies them.

10. Carre lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and on that basis denies them.

11. Carre lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and on that basis denies them.

12. Carre lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and on that basis denies them.

13. Carre lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and on that basis denies them.

14. Carre lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and on that basis denies them.

15. Carre lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and on that basis denies them.

16. Carre lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and on that basis denies them.

17. Carre admits that a copy of what appears to be the '482 Patent was attached to the Complaint as Exhibit A. Carre lacks knowledge or information suf-

ficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 17 of the Complaint and on that basis denies them.

18. Carre admits that a copy of what appears to be the '731 Patent was attached to the Complaint as Exhibit A. Carre lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 18 of the Complaint and on that basis denies them.

19. Carre lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and on that basis denies them.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 6,381,482)

20. Carre incorporates by reference its responses to Paragraphs 1 through 19 as though fully set forth herein.

21. Carre admits that the '482 patent issued on April 30, 2001. Carre lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 21 of the Complaint and on that basis denies them.

22. Carre denies the allegations set forth in Paragraph 22 of the Complaint.

**DIRECT INFRINGEMENT OF THE '482 Patent**

23. Carre denies the allegations set forth in Paragraph 23 of the Complaint.

24. Carre denies the allegations set forth in Paragraph 24 of the Complaint.

25. Carre denies the allegations set forth in Paragraph 25 of the Complaint.

26. Carre denies the allegations set forth in Paragraph 26 of the Complaint.

27. Carre denies the allegations set forth in Paragraph 27 of the Complaint.

28. Carre denies the allegations set forth in Paragraph 28 of the Complaint.

**COUNT II**
**(INFRINGEMENT OF U.S. PATENT NO. 6,970,731)**

29. Carre incorporates by reference its responses to Paragraphs 1 through 28 as though fully set forth herein.

30. Carre admits that the '731 patent issued on November 29, 2005. Carre lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 30 of the Complaint and on that basis denies them.

31. Carre denies the allegations set forth in Paragraph 31 of the Complaint.

## DIRECT INFRINGEMENT OF THE '731 Patent

32. Carre denies the allegations set forth in Paragraph 32 of the Complaint.

## INDIRECT INFRINGEMENT (INDUCEMENT – 35 U.S.C. § 271(b))

33. Carre denies the allegations set forth in Paragraph 33 of the Complaint.

34. Carre denies the allegations set forth in Paragraph 34 of the Complaint.

35. Carre denies the allegations set forth in Paragraph 35 of the Complaint.

## INDIRECT INFRINGEMENT (CONTRIBUTORY – 35 U.S.C. § 271(c))

36. Carre denies the allegations set forth in Paragraph 36 of the Complaint.

37. Carre denies the allegations set forth in Paragraph 37 of the Complaint.

38. Carre denies the allegations set forth in Paragraph 38 of the Complaint.

39. Carre denies the allegations set forth in Paragraph 39 of the Complaint.

40. Carre denies the allegations set forth in Paragraph 40 of the Complaint.

41. Carre denies the allegations set forth in Paragraph 41 of the Complaint.

42. Carre denies the allegations set forth in Paragraph 42 of the Complaint.

43. Carre denies the allegations set forth in Paragraph 43 of the Complaint.

## PRAYER FOR RELIEF

Carre denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the relief sought in paragraphs A through J of the Prayer for Relief contained in the Complaint.

## DEMAND FOR JURY TRIAL

Plaintiff's demand for a trial by jury does not require an admission or denial. And, moreover, Carre demands trial by jury for all matters so triable.

## AFFIRMATIVE DEFENSES

Carre asserts the following affirmative defenses to Plaintiff's Complaint without assuming any burden that it would not otherwise bear and without reducing or removing Plaintiff's burdens of proof on its affirmative claims against Carre. Carre reserves the right to amend its currently pled defenses and/or assert additional defenses as they become apparent.

### FIRST AFFIRMATIVE DEFENSE (Non-Infringement)

44. Carre does not and has not infringed any valid claim of the '482 or '731 patents under any theory of infringement, including direct infringement, literal infringement, infringement under the doctrine of equivalents, induced infringement, or contributory infringement.

### SECOND AFFIRMATIVE DEFENSE (Invalidity)

45. One or more of the claims of the '482 and '731 patents are invalid for failure to meet the "conditions for patentability" specified in 35 U.S.C. §§ 101, 102, 103, and/or 112. The alleged inventions contained in the '482 and '731 patents lack utility; are taught by, suggested by, and/or obvious in view of, the prior art; and/or are not adequately supported by the written description of the patented invention and/or not enabled, particularly when those claims are sought by Plaintiff to be interpreted to cover the business activities of Carre.

### THIRD AFFIRMATIVE DEFENSE (Prosecution History Estoppel

46. Plaintiff is barred or limited from recovery in whole or in part by the doctrine of prosecution history estoppel

### FOURTH AFFIRMATIVE DEFENSE (Limitation on Damages)

47. Plaintiff's claim for damages is barred in whole or in part to the extent Plaintiff and/or its predecessors-in-interest failed to mark pursuant to 35 U.S.C.§ 287.

### FIFTH AFFIRMATIVE DEFENSE (No Right to Injunctive Relief)

48. Plaintiff is not entitled to injunctive relief because any injury to it is not immediate or irreparable, and Plaintiff has an adequate remedy at law for any claims it can prove.

### SIXTH AFFIRMATIVE DEFENSE (Laches and Waiver)

49. Upon information and belief, Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of unclean hands, laches, estoppel, acquiescence and/or waiver.

Dated: March 10, 2015

Respectfully submitted,

*/s/ Robert M. Ward*
Robert M. Ward
(Georgia Bar 775401)
3455 Peachtree Road NE
Floor 5
Atlanta, GA 30326
Telephone: (404) 606-6480
Facsimile: (203) 220-8497
rward@dilworthip.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed with the Court's CM/ECF. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ RM Ward*

*Attorney for Defendant*