IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SARVINT TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CARRE TECHNOLOGIES, INC., <br><br> Defendant. | Civil Action File No. <br><br> 1:15-cv-00069-TCB |

**[PLAINTIFF'S PROPOSED][1] JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

---

[1] On March 25, 2015, Plaintiff's counsel prepared a draft of the Joint Preliminary Planning Report and submitted it to counsel for Defendant in advance of the parties' Rule 26(f) early planning conference.  The parties conferred, as required by L.R. 16.1 and Fed.R.Civ.P. 26(f), on March 25, 2015, whereby counsel for Defendant agreed to provide comments and any requested revisions to the draft Rule 26(f) report.  On April 7, 2015, counsel for Plaintiff wrote to counsel for Defendant to inquire as to whether Defendant had any comments or requested revisions to the draft Rule 26(f) report and an updated proposed litigation schedule. On April 8, 2015,  counsel for Plaintiff again wrote to counsel for Defendant requesting any comments or requested revisions by Defendant to the draft Rule 26(f) report and an updated proposed litigation schedule.  Having received no response from Defendant on the proposed  Joint Preliminary Report and Discovery Plan, and pursuant to the requirements of L.R. 16.2 (prescribing the filing of the Rule 26(f) report "within thirty (30) days after the appearance of the first defendant by answer"), Plaintiff files this proposed Preliminary Report and Discovery Plan for the Court's consideration.

**1.      Description of Case:**

    **(a)      Describe briefly the nature of this action.**

This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, and governed by the Patent Local Rules of this Court.

    **(b)      Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

This is a patent infringement lawsuit involving United States Patent No. 6,970,731 ("the '731 patent"), hereinafter referred to as the "patent-in-suit."

**Allegations of Plaintiff**

Plaintiff Sarvint Technologies, Inc. ("Sarvint" or "Plaintiff") contends that the Defendant Carre Technologies, Inc. ("Carre") has in the past and continues to make, have made, offer for sale, sell, and/or use one or more products – including Hexoskin Wearable Body Metrics Shirts – that constitutes direct infringement, contributory infringement, and/or inducement to infringe one or more claims of the '731 patent, in violation of 35 U.S.C. § 271. *See* First Amended Complaint [Dkt. No. 9].

**Response/Allegations of Defendant**

Defendant filed its Answer to Complaint on March 10, 2015. *See* Dkt. No. 6. Defendant filed its First Amended Answer to Complaint also on March 10, 2015. *See* Dkt. No. 7. Defendant denies that it infringes the patents-in-suit and asserts a number of affirmative defenses, including non-infringement and alleged invalidity of the patents-in-suit.

**(c)     The legal issues to be tried are as follows:**

(1)     Whether the Defendant infringed and/or continues to infringe any claim of the patents-in-suit, directly or indirectly.

(2)     Whether the '731 patent is invalid.

(2)     The proper amount of damages to be awarded, if any, to Sarvint due to the alleged infringement by Defendant of one or more claims of the '731 patent asserted by Plaintiff.

(3)     Whether Sarvint is entitled to enhanced damages as a result of Defendants' alleged infringement of the patents-in-suit.

(4)     Whether Sarvint should be awarded its attorney's fees and costs of this action.

(5)     Whether a permanent injunction is appropriate if infringement is found.

    **(d)**     **The cases listed below (include both style and action number) are:**

        **(1)**     **Pending Related Cases:**

- *Sarvint v. OMsignal, Inc..*, Case No. 1:15-cv-00070-TCB (N.D. Ga.);

- *Sarvint v. Athos Works, et al.*, Case No. 1:15-cv-00068-TCB (N.D. Ga.);

- *Sarvint v. Textronics, Inc., et al.*, Case No. 1:15-cv-00073-TCB (N.D. Ga.);

- *Sarvint v. Sensoria, Inc.*, Case No. 1:15-cv-00072-TCB (N.D. Ga.);

- *Sarvint v. Ralph Lauren Corporation*, Case No. 1:15-cv-00071-TCB (N.D. Ga.);

- *Sarvint v. Victoria's Secret Stores, LLC*, Case No. 1:15-cv-00074-TCB (N.D. Ga.).

        **(2)**     **Previously Adjudicated Related Cases:** There are no previously adjudicated related cases.

**2.**     **This case is complex because it possesses one (1) or more of the features listed below (please check):**

    ____ (1) Unusually large number of parties
    ____ (2) Unusually large number of claims or defenses
    ____ (3) Factual issues are exceptionally complex
    ____ (4) Greater than normal volume of evidence
    ____ (5) Extended discovery period is needed
    ____ (6) Problems locating or preserving evidence
    ____ (7) Pending parallel investigations or action by government
    _X_ (8) Multiple use of experts
    _X_ (9) Need for discovery outside United States boundaries

\_\_\_\_ (10) Existence of highly technical issues and proof
\_\_\_\_ (11) Unusually complex discovery of electronically stored information

3. **Counsel:**

   **The following individually-named attorneys are hereby designated as lead counsel for the parties:**

   **For Plaintiff Sarvint:**  Peter F. Schoenthaler

   **For Defendant:**[2]

4. **Jurisdiction:**

   **Is there any question regarding this court's jurisdiction?**

   \_\_\_ Yes   X   No

5. **Parties to This Action:**

   (a) **The following persons are necessary parties who have not been joined:**   None.

   (b) **The following persons are improperly joined as parties:**  No person is improperly joined as a party.

   (c) **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**  None.

---

[2]  Defendant has not identified its "lead counsel," but the only counsel currently of record for Defendant is Robert M. Ward.

**(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.     Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of FED. R. CIV. P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:**  The parties do not, at this time, anticipate that any amendments to the pleadings will be necessary; however, the parties reserve the right to amend the pleadings to the extent that they deem necessary in view of further analysis, discovery and/or other unforeseen developments, subject to the requirements of the Federal Rules, the Local Rules of this Court, and/or the Patent Local Rules of this Court regarding any such amendments.

**(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below. All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

**(a)** *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

**(b)** *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

**(c)** *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**(d)** *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with FED. R. CIV. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.**

Plaintiff does not object to serving initial disclosures and agrees that initial disclosures shall be served within seven days of the first day of the discovery period shown on the attached proposed Litigation Schedule.

**9.    Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Plaintiff does not request a scheduling conference at this time.

**10.    Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

Plaintiff proposes the Litigation Schedule attached as Exhibit "A", which is based on the Court's Local Rules and Patent Local Rules, with defined dates as applicable.

**Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

This case is assigned an eight (8)-month fact discovery period.

**Please state below the subjects on which discovery may be needed:**

The parties anticipate that it is necessary to conduct discovery in the following subject areas:

- Alleged infringement by Defendant with respect to each asserted claim of the patent-in-suit;
- Affirmative defenses raised by Defendant; and
- Damages, if any, as a result of Defendant's alleged infringement.

Plaintiff reserves the right to pursue discovery of other issues as appropriate under the Federal Rules of Civil Procedure and the Local Rules of this Court.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that**

**discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Plaintiff will work diligently to meet the agreed-upon discovery schedule, but reserves the right to seek additional time to complete discovery as they may deem reasonable and necessary as the case progresses.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

Plaintiff consents and agrees, pursuant to Federal Rule of Civil Procedure 5(b)(E) that service may be made by electronic mail, with copies sent to all attorneys of record for the party served, and that the three-day response time extension of Federal Rule of Civil Procedure 6(d) shall be applicable to such service.

**(b) Is any party seeking discovery of electronically stored information?**

     __X__      Yes            _____      No

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the**

**scope of production (e.g., accessibility, search terms, date limits, or key witnesses) as follows:**[3]

Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. Reasonably accessible sources of ESI include, but are not limited to, computer hard drives, shared network drives, and other storage devices and media, including CD-ROMs, DVDs, and flash drives. The parties agree that they shall not be required to conduct searches of electronic back-up systems, handheld PDA devices, personal home computers (unless there is reason to believe that unique, relevant data relating to a custodian's work activity resides on such a computer), voice messages, text messages, or instant messages, except by order of the Court on good cause shown.

General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, infringement contentions and accompanying

---

[3] Defendant has not responded to or otherwise communicated its agreement wtih the following proposal by Plaintiff.

documents, pursuant to Patent Local Rule 4.4(a), invalidity contentions and accompanying documents, pursuant to Patent Local Rule 4.4(b), and preliminary information relevant to damages.  The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the court.

E-mail production requests shall identify the custodian, search terms, and time frame.  Each requesting party shall limit its e-mail production requests to a total of five (5) custodians per producing party for all such requests.  The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for up to five (5) additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.  Should a party serve e-mail production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

Each requesting party shall limit its email production requests to a total of ten (10) search terms per custodian per party.  The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for up to five (5) additional search terms per custodian, upon showing a

distinct need based on the size, complexity, and issues of this specific case, with the requesting party bearing all reasonable costs caused by any such additional discovery.

A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") shall count as a separate search term unless they are variants of the same word. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

**(2) The parties have discussed the format for the production of electronically stored information (e.g. Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

ESI should generally be produced in the following file formats:

a. Single page TIFFs (1 bit, black and white) or PDFs for e-mail and Word documents; and

  b. Single page, color JPEG images for PDF, presentation (*e.g.*, PowerPoint), and other graphic files.

Each document image shall contain a footer with a sequentially ascending production number. Text or OCR data shall be provided only to the extent the producing party has OCR or word-searchable formats for its own use related to this case. For the avoidance of doubt, a producing party will not "strip" or delete the searchable text from ESI during the collection or production process.

Spreadsheet documents (e.g., Excel, CSV, etc.) and presentations (e.g., PowerPoint) shall be produced in native format with a placeholder image.

ESI productions of imaged data shall include metadata field information showing the date and time that the document was created or modified (and in the case of e-mail the date and time that the e-mail was sent and received), as well as the author (and in the case of e-mail the complete list of recipients and any identified attachments), where such metadata information is present in the document(s) being produced.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.** **Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

(a) Plaintiff anticipates submitting a proposed Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c) and Local Patent Rule 2.2.

(b) Plaintiff further agrees that privileged communications after January 9, 2015 need not be included on the parties' privilege logs.

**13.  Settlement Potential:**

**(a)  Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on March 25, 2015.**

<u>**For Plaintiff**</u>**:**

**Lead counsel (signature):** */s/ Peter F. Schoenthaler*

**Other participants for Plaintiff:**  Eric G. Maurer

<u>**For Defendant**</u>**:**

**Lead counsel (signature):**[4]

**Other participants for Defendant:**

**(b)  All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(__) A possibility of settlement with Defendant before discovery.

---

[4] Counsel for Defendant, Robert M. Ward, participated in the parties' Rule 26(f) conference on March 25, 2015.

( X ) A possibility of settlement with Defendant after discovery.

(__) A possibility of settlement, but a conference with the judge is needed.

(__) No possibility of settlement.

**(c)   Counsel (__) do or (_X__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is** not scheduled.  However, Plaintiff contemplates that the parties may decide to conduct one or more informal settlement conferences prior to the close of discovery.

**(d)   The following specific problems have created a hindrance to settlement of this case.**

**14.   Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a)   The parties (____) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 2015.

(b)   The parties (_X_) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted, this 8th day of April, 2015.

*/s/ Eric G. Maurer*

Peter F. Schoenthaler
Georgia Bar No.
3350 Riverwood Parkway
Suite 900
Atlanta, Georgia 30339
pfs@pfslawgroup.com

Dan R. Gresham
Georgia Bar No. 310280
N. Andrew Crain
Georgia Bar No. 193081
Eric G. Maurer
Georgia Bar No. 478199

THOMAS | HORSTEMEYER, LLP
400 Interstate North Parkway
Suite 1500
Atlanta, Georgia 30339
Telephone:(770) 933-9500
Facsimile: (770) 951-0933
andrew.crain@thomashorstemeyer.com
dan.gresham@thomashorstemeyer.com
eric.maurer@thomashorstemeyer.com

*Attorneys for Plaintiff*
*Sarvint Technologies, Inc.*

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the same, including the attached Litigation Schedule, shall govern the parties in this case.

IT IS SO ORDERED, this \_\_\_\_ day of _____, 2015.

_____
Timothy C. Batten, Sr.
United States District Judge

# EXHIBIT A

## LITIGATION SCHEDULE

| TASK | (PATENT) LOCAL RULE | DEADLINE |
|---|---|---|
| **Joint Preliminary Report and Discovery Plan Filed** | LR 26.2 | 04/08/2015 |
| **Discovery Begins** | | 04/15/2015 |
| **Parties Serve Initial Disclosures** | LR 26.1 | 04/29/2015 |
| **Plaintiff's Infringement Contentions** | PLR 4.4(a) | 05/15/2015 |
| **Defendant's Disclosure of Invalidity Contentions** <br> **Defendant's Response to Infringement Contentions** | PLR 4.4(b) | 06/15/2015 |
| **Exchange of Proposed Terms for Claim Construction** | PLR 6.1 | 07/14/2015 |
| **Exchange of Preliminary Constructions and Preliminary Identification of Extrinsic Evidence** | PLR 6.2 | 08/03/2015 |
| **Joint Claim Construction Statement** | PLR 6.3 | 08/24/2015 |
| **End of Claim Construction Discovery** | PLR 6.4 | 09/08/2015 |
| **Simultaneous Opening Claims Construction Briefs Due** | PLR 6.5(a) | 09/23/2015 |
| **Simultaneous Responsive Claim Construction Briefs Due** | PLR 6.5(b) | 10/13/2015 |
| **Claim Construction Hearing** | PLR 6.6 | TBD |
| **End of Fact Discovery Period** | PLR 6.7 | 45 days after Court's claim construction ruling* |
| **Initial Expert Witness Disclosures – Issues on which each party bears the burden of proof** | PLR 7.1(b) | 30 days after end of fact discovery |
| **Initial Expert Witness Disclosures – Issues on which the opposing party** | PLR 7.1(c) | 30 days after initial expert disclosures |

| | | |
|---|---|---|
| **bears the burden of proof** | | |
| **Rebuttal Expert Witness Disclosures** | PLR 7.1(d) | 10 days after second expert disclosures |
| **Depositions of Expert Witnesses begin** | PLR 7.2 | 7 days after rebuttal expert disclosures |
| **Depositions of Expert Witnesses end** | PLR 7.2 | 30 days after depositions of expert witnesses begin |
| **Dispositive Motions Deadline** | LR 56.1 | 45 days after end of period for expert depositions |
| **Pretrial Statement** | LR 16.4 | 45 days after Court's ruling(s) on dispositive motions |
| **Pretrial Conference** | | TBD |
| **Trial** | | TBD |

\* Pursuant to Local Rule 56.1D and Local Patent Rules 6.7 and 7.1(b), this and all subsequent deadlines are contingent upon the timing of when the Court issues its claim construction ruling.