**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| Sarvint Technologies, Inc., )<br><br>Plaintiff, )<br>)<br>v. )<br>)<br>Carré Technologies, Inc., )<br>)<br>Defendant. ) | Civil Action No. 1:15-cv-00069-TCB<br><br>Jury Trial Demanded |

**CARRÉ'S MEMORANDUM IN SUPPORT OF ITS MOTION
FOR A PROTECTIVE ORDER**

This memorandum is respectfully submitted in support of Carré's motion pursuant to Rule 26(c) FRCP for a Protective Order, and respectfully requests that the Court order that Sarvint's wide-ranging, general discovery be deferred pending at least a *prima facie* showing of infringement -- which is Sarvint's burden of proof, which Sarvint has not done, and indeed which Sarvint has pointedly ignored.

**I. Sarvint Seeks to Burden the Court with Unfairness and Inefficiency.**

If it were acting in good faith, Sarvint would dismiss this litigation <u>immediately</u> -- and with an apology and payment of fees and costs, as expended thus far by Carré.

Attached are copies of Sarvint's "form" (a) Interrogatories, and (b) Requests to Produce[1]. (See Exhibits A and B, hereof). Both are broadly directed to <u>general</u> discovery -- including such diverse topics as patent validity, sales, damages, other litigation, employees, licensing, etc., etc.

However, to this time, Sarvint has not addressed with any substance the facts and evidentiary proof demonstrating non-infringement that Carré has set forth in its recent memorandum to the Court and associated papers in opposition to Sarvint's (albeit ill-advised) motion for a preliminary injunction. (See Doc. 18, filed 5/13/2015)[2].

## II. <u>There is No Infringement.</u>

To summarize these papers before the Court, there is no infringement because at least two (2) of the elements of the patent claims are missing.

Claim 1 of the patent-in-suit is illustrative, and states:

> 1. A method for monitoring the vital signs of a subject comprising applying a fabric-based sensor to the subject and connecting the sensor to a monitor, the fabric-based sensor comprising: (a) a knitted or woven fully-conductive fabric including one or more individually conductive fibers integrated therein by the

---

[1] It is likely that Sarvint has served very similar "form" discovery requests in the multiplicity of other patent cases that are pending before the Court. Sarvint's attempted "efficiency" arguments aside, justice to a party cannot permit Sarvint's "one-size-fits-all" approach.

[2] The full contents of these important papers is respectfully incorporated by reference herein.

process of knitting or weaving the fabric, **each conductive fiber being individually conductive prior to incorporation into the fabric in the absence of conductivity imparted to the fabric or to the fibers after incorporation into the fabric;** and (b) an electrical lead for connection to a connector, **the electrical lead being formed from one of the integrated individually conductive fibers;** and (c) a connector connected to the electrical lead.(emphasis added).

Each of the 23 claims of the patent-in-suit contains the following limitations:

- each conductive fiber being individually conductive prior to incorporation into the fabric in the absence of conductivity imparted to the fabric or to the fibers after incorporation into the fabric;

- an electrical lead for connection to a connector, the electrical lead being formed from one of the integrated individually conductive fibers;

However, and as pointed out in the filed Declaration of Mr. Fournier re non-infringement, **both** of these claim limitations are absent in the accused Hexoskin® structure[3].

To find infringement under the venerable "All-Elements Rule", an accused device must contain each limitation of the claim, either literally or by an equivalent. *TIP Sys., LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d 1364 (Fed. Cir. 2008)

Under the "All Elements Rule", the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole. The "all-

---

[3] The indisputable and comprehensive factual analysis of Mr. Fournier is respectfully incorporated by reference herein. See Doc. 18 *et seq.*, filed on 5/13/2015.

elements rule" may foreclose resort to the doctrine of equivalents where the evidence is such that no reasonable jury could conclude that an element of an accused device is equivalent to an element called for in the claim, or that the theory of equivalence to support the conclusion of infringement otherwise lacks legal sufficiency. *E-Pass Techs., Inc. v. 3Com Corp.,* 473 F.3d 1213 (Fed. Cir. 2007).

Under the present facts, it is clear that, in the accused device, the "lead" claim element that is connected to the "knitted or woven fully-conductive fabric" claim element is entirely separate from and manifestly is not "formed from one of the integrated individually conductive fibers" of the fabric.

And just as clearly, the Medtex® 130 fabric that forms the "conductive fabric" element in Carré's accused Hexoskin® shirt is <u>not</u> formed of fibers wherein "each conductive fiber being individually conductive prior to incorporation into the fabric…"[4].

Accordingly, there can be no patent infringement.

---

[4] The analyses and communications with the manufacture of the Medtex® 130 metalized fabric that are set forth in the Declaration of Fournier, as filed with the Court, are respectfully incorporated by reference herein. Sarvint has simply ignored this proof.

### III. The Equities Favor a Stay of Discovery

Carré wants to be fair with Sarvint, and wants to assist the Court. The simple truth is that when Sarvint served its Infringement Contentions on May 15, 2015, Sarvint knew full well that Carré was contesting infringement -- and had in fact submitted substantive evidence to the Court. See Exhibit C hereof.

Instead of presenting **evidence** – *e.g.*, in the form of Declarations, data, and/or scientific analysis -- Sarvint attempted to isolate one of the two missing claim limitations, while ignoring the other. Specifically, Sarvint pretended that it could speculate as to whether the fibers had been coated with silver **prior to being knitted**. Sarvint's incredible speculation was based solely upon the extrapolation that the silver on the fiber had been fully coated throughout, rather than "missing" on the areas where the filers appeared **to Sarvint** to have supposedly "touched". Sarvint's conclusion in obvious (and completely subjective) error was that somehow this "proved" that the fabric had been knitted only after the individual fibers had been first coated with silver!!?

Sarvint leapt to this undocumented and **unsworn** speculation -- without any experimental data, without any intelligent explanation, and manifestly in direct conflict with the **sworn** testimony before the Court. Plainly, Sarvint's Infringement Contentions are devoid of evidentiary content, as there is nothing admissible therein.

Also, Sarvint's "reasoning" is beyond strange. Why would silver not completely coat the fibers of a pre-knitted fabric? Sarvint has no explanation -- and no evidence. Indeed, Sarvint's *ipse dixit* "conclusory non-explanation-without-evidence" is flatly contrary to Carré's submission under oath. As such and under any rational standard, Sarvint is not entitled to prevail.

Then, of course, Sarvint totally ignores the fact that -- in the accused Carré structure, and specifically re the claim limitation dealing with the "lead" -- the "lead" element is entirely separate from, and is not a part of, the fibers comprising the fabric of the sensor.

Sarvint had all of this contrary evidence at the time that it submitted its Infringement Contentions – but submitted them anyway. Sarvint's evidentiary void, and purposeful lack of analysis, and schooled ignorance of the issues before the Court, together comprise Sarvint's continuing program of bad faith.

For further example, and in regard to the present motion, counsel for Carré sent the following email message at 9:55 AM today to six (6) lawyers for Sarvint – each of whom ignored it:

> Guys,
>
> I am proposing that we defer discovery from Carré pending a prima facie showing of infringement -- which is Sarvint's burden of proof, and which Sarvint has not done.

To this time, Sarvint has not addressed with any substance the facts demonstrating non-infringement that Carré has set forth in its recent Memorandum to the Court regarding Sarvint's motion for a preliminary injunction.

Hence, under the present circumstances of Sarvint's failure to show a prima facie case for infringement (and indeed, the facts showing the clear contrary), discovery of Carré would be inappropriate at this time.

If you agree, please let me know -- and if you cannot agree, I will file a motion for a protective order.

Best wishes,

Bob

**Conclusion**

In the interests of justice, the sought Protective Order should issue.  A falsely-accused defendant should not be subject to the continuing whims of a hyper-aggressive NPE Plaintiff[5].  Discovery is not appropriate here – unless and until, Sarvint will come forth with at least a decent effort at a rebuttal case in an attempt to meet Sarvint's burden of proof on the seminal infringement issue. Specifically, if Sarvint does not so come forth, the case is – and should be – over, as a matter of law.

---

[5] For example, in the past week alone, several hundred patent cases have been filed, thereby to inundate the Courts with yet further lawsuits filed by Non-Practicing Entities (NPRs), like Sarvint. Just because a patentee chooses to file simultaneous, multiple lawsuits against multiple defendants does not excuse that Plaintiff from its duty of diligence to the Court and respect for the opposing party.

Moreover, when an injustice like this unfortunately is caused, those who abuse the system of justice by filing <u>now</u>, and investigating only <u>later</u> (if at all) should be called upon to pay the resulting costs for their perfidy and folly.

Respectfully submitted this 20th day of May, 2015,

/*s/ Robert M. Ward*
Robert M. Ward
(Georgia Bar 775401)
3455 Peachtree Road NE, Floor 5
 Atlanta, GA 30326
Telephone: (404) 606-6480
Facsimile: (203) 220-8497
rward@dilworthip.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed with the Court's CM/ECF. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ RM Ward*

*Attorney for Defendant*