IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Sarvint Technologies, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:15-cv-00069-TCB |
| v. | ) | |
| | ) | Jury Trial Demanded |
| Carré Technologies, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## CARRÉ'S SUR-REPLY BRIEF IN OPPOSITION TO SARVINT'S MOTION FOR A PRELIMINARY INJUNCTION

Carré does not wish to burden the Court. But, unfortunately, certain misstatements by Sarvint must be corrected.

For example, Sarvint has misconstrued the holding of the *Bel-Ray* case. There, the court found waiver of the defense of lack of personal jurisdiction because the Defendant had requested <u>affirmative relief</u> from the court by filing a motion for summary judgment. Here, Carre has (albeit **defensively**):

1

- filed an Amended Answer to the original Complaint and an Answer to the Amended Complaint, each asserting lack of personal jurisdiction[1], and filed a motion to dismiss for want of personal jurisdiction; and

- defended against (i) Sarvint's preemptive "cookie-cutter" motion for a preliminary injunction, and (ii) Sarvint's premature "one-size-fits-all" discovery requests[2], on the basis, *inter alia,* that there can be no personal jurisdiction.

None of Carré's purely defensive actions can rationally be construed as requests for "affirmative relief" -- *i.e.*, that which was the basis in the *Bel-Ray* case for waiver there[3].

Wherefore, Sarvint has given no legal authority to support its argument for supposed waiver of the seminal defense of lack of personal jurisdiction.

---

[1] "Carre respectfully contests that the Northern District of Georgia had personal jurisdiction over Carre at the time the Complaint was filed." (See Docs. 7 and 12).

[2] *i.e.,* as respectively filed, and as served, in Sarvint's proliferation of lawsuits before the Court.

[3] Ironically, but characteristically, Sarvint has inappropriately attempted to goad Carré into filing a motion for summary judgment. (See Doc. 24; file 6/4/2015, pages 2 and 9). Apparently, Sarvint would argue the incomprehensible argument that supposedly Carré must be subjected to the Hobson's Choice of either: (i) acquiescing in being preliminarily enjoined, or (ii) forfeiting its fundamental right to a fair hearing on the subject of lack of personal jurisdiction. Sarvint's inequitable argument is entitled to no serious consideration.

Secondly, Sarvint has argued the errors of fact, law and logic, that -- because the Court has found jurisdiction over <u>another</u> defendant, in <u>another</u> case– the Court is supposedly without power to decide jurisdictional issues in the present case under the unique jurisdictional facts here regarding Carré. Obviously, Sarvint's odd argument is unworthy of serious consideration.

Thirdly, Sarvint has submitted a plethora of new evidence in its Reply Brief, and which includes the Simon-pure speculations of Dr. Jararaman that he can somehow mystically ordain how and when the silver has been applied to the non-conductive fibers to render such fibers conductive[4]. He can't.

Thus, Sarvint has totally ignored the Record before the Court. Sarvint's covert motive is obvious. Specifically, the patent claims require that the fiber be conductive **before** being knitted in to the fabric. Mr. Fournier's Declarations provide indisputable evidence from **the German source of the fabric** that unambiguously

---

[4] For example, Sarvint's principal Dr. Jararman (who stands as fully impeached with personal interest and bias) speculates on how and when silver will supposedly penetrate between and coat the non-conductive fibers. This is not evidence – it is, at best, alchemy. But most importantly, these (albeit irrational) speculations comprising Sarvint's self-serving musings are fully rebutted by Carré's credible and competent evidence as to how and when the fibers **are actually coated by the German manufacturer**. (See Declaration of Pierre-Alexandre Fournier Re Lack of Personal Jurisdiction; Doc. 18-2; filed 5/13/2015; and Supplemental Declaration of Fournier re Non-Infringement; Doc. 25-1; filed 6/9/2015).

demonstrates that the fibers are not rendered conductive until after they have been knitted into the fabric that is to comprise the electrode. Hence, none of the asserted patent claims can be read-on the accused devise, because an essential element of the patent claim is missing[5].

No matter its ducks and dodges, Sarvint cannot argue itself around the controlling law and the dispositive evidence – and so, Sarvint simply ignores the Record before the Court, and attempts to manipulate with procedural arguments.

## Conclusion

Manifestly, Sarvint is not entitled to a preliminary injunction. Instead, Sarvint is entitled to be punished[6].

That is especially true, where Sarvint (a) misconstrues the case law, and (b) refuses to address the seminal issue of Sarvint's lack of proof of a *prima facie* case of infringement.

---

[5] To find infringement under the venerable "All-Elements Rule", an accused device must contain each limitation of the claim, either literally or by an equivalent. *TIP Sys., LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d 1364 (Fed. Cir.2008).

[6] The All Elements Rule is so fundamental, that Sarvint's ignoring of it should, in all equity, subject Sarvint to paying Carré's attorney's fees. If Sarvint were to have had an argument -- or an excuse -- of course, Sarvint should be heard. But, in the absence thereof, anything else would be simply unfair. Carré, a small company, should not be subjected to paying its own attorney's fees where (as here) no good faith case has been presented against it.

It is Black Letter Law that those who come to the court with unclean hands are not entitled to seek equitable relief. Here, Sarvint has demonstrated that it simply cannot be trusted – and, as the facts of record clearly show.

Finally, the facts -- and the law -- show that this is an exceptional case under the provisions of 35 U.S.C. §285, because Sarvint has consistently refused to litigate fairly and candidly.

        Respectfully submitted,

/s/ **Robert M. Ward**
Robert M. Ward
(Georgia Bar 775401)
3455 Peachtree Road NE, Floor 5
 Atlanta, GA 30326
Telephone: (404) 606-6480
Facsimile: (203) 220-8497
rward@dilworthip.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed with the Court's CM/ECF. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        */s/ RM Ward*

        *Attorney for Defendant*