IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Sarvint Technologies, Inc., | ) | |
| | ) | |
| *Plaintiff,* | ) | Civil Action No. 1:15-cv-00069-TCB |
| | ) | |
| v. | ) | Jury Trial Demanded |
| | ) | |
| Carré Technologies, Inc., | ) | |
| | ) | |
| *Defendant.* | ) | |

### CARRÉ'S RENEWED MOTION FOR A PROTECTIVE ORDER

Now comes Carré, pursuant to Rule 26 FRCP, and respectfully moves the Court for a Protective Order to stay all discovery in this case -- until the Court has ruled on Carré's pending motion for summary judgment of non-infringement.

Attached are copies of Sarvint's (i) Interrogatories, and (ii) Requests to Produce (See Exhibits A and B hereof). Clearly, Sarvint's wide-ranging, general discovery requests (and much of which is objectionable on a multiplicity of other grounds) have no bearing on the issues before the Court.

The Court's Order of July 7th (Doc. 38, entered 7/7/2015) -- noting that (a) Carré had <u>not</u> previously moved for summary judgment, and thus, (b) Carré's then

1

requested stay of discovery was open-ended -- is well taken. Accordingly, Carré has moved for summary judgment of non-infringement. (Doc. 40; filed 7/10/2015).

It is noted that Sarvint may seek to interpose a request for Rule 56 discovery. However, and because Carré's motion for summary judgment is based upon:

- a <u>claimed</u> element that is absent in the accused device, and
- a <u>disclaimed</u> element that is present in the accused device,

no amount of "discovery" could change these dispositive facts.

As the Court sagely pointed out in the case of *Pediatric Medical Devices v. Indiana Mills & Mfg.*, 984 F. Supp. 2d 1362 (ND GA 2013):

> PMD requests an opportunity to conduct additional discovery to defeat IMMI's motion for summary judgment. PMD supports its motion with the affidavit of its president, Stefanie Zucker. She claims that the additional discovery would reveal that the accused device reads on the attachment limitation as construed by the Court.
>
> The Court disagrees. Under the claim-construction order, any use of straps or belts precludes literal infringement as well as infringement under the doctrine of equivalents given the '285 patent's criticism and **disclaimer of the use of straps.** That IMMI's product makes use of straps in attaching to and detaching from a conventional stretcher is undisputed. **No amount of additional discovery can change this fact.** Thus, PMD's Rule 56(d) motion will be denied.(emphasis added).
>
> *Id*. at 1367.

Specifically, the claims of Sarvint's '731 patent-in-suit both (1) claim the use of **fibers** that are conductive **prior** to being incorporated into a fabric, and (2) disclaim the use of a **fabric** that has been coated with a conductive material **after** being knitted into the fabric, as follows:

> 1. A method for monitoring the vital signs of a subject comprising applying a fabric-based sensor to the subject and connecting the sensor to a monitor, the fabric-based sensor comprising: (a) a knitted or woven fully-conductive fabric including one or more individually conductive fibers integrated therein by the process of knitting or weaving the fabric, **each conductive fiber**
>
> - **being individually conductive prior to incorporation into the fabric**
>
> - **in the absence of conductivity imparted to the fabric or to the fibers after incorporation into the fabric;**
>
> and (b) an electrical lead for connection to a connector, the electrical lead being formed from one of the integrated individually conductive fibers; and (c) a connector connected to the electrical lead.(emphasis and outlining added)

(See U.S. Pat. No. 6,970,731).

As pointed out in Carré's pending summary judgment motion, Sarvint's claims thus cannot be read-on Carré's accused device -- and no amount of discovery can change this fact.

## Conclusion

Carré's Motion for a Protective Order is well-supported in the facts and in the law, and should thus be granted. And, the same is respectfully solicited.

Respectfully submitted this 11th day of July, 2015,

/*s/ Robert M. Ward*
Robert M. Ward
(Georgia Bar 775401)
3455 Peachtree Road NE, Floor 5
Atlanta, GA 30326
Telephone: (404) 606-6480
Facsimile: (203) 220-8497
rward@dilworthip.com

*Attorney for Carré*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed with the Court's CM/ECF. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ RM Ward*

*Attorney for Carré*