IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SARVINT TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CARRE TECHNOLOGIES, INC. <br><br> Defendant. | CIVIL ACTION NO: <br><br> 1:15-CV-00069-TCB |

**PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS THIS CASE WITHOUT PREJUDICE AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff Sarvint Technologies, Inc. ("Sarvint") hereby files this Motion for Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2), requesting the Court enter an order dismissing this action without prejudice, with each party to bear its own costs and attorneys' fees.

**I.   INTRODUCTION**

Sarvint filed a Complaint against Carre Technologies, Inc. ("Carre") alleging patent infringement on January 9, 2015. Carre offered statements of non-infringement but failed to provide admissible evidence to support its contentions. Thereafter Carre filed a motion for summary judgment with respect to non-infringement which was (and is) deficient for, among other reasons, being entirely based on inadmissible double hearsay.

Through its efforts, Sarvint ultimately acquired sufficient information during discovery regarding the manufacturing process of the accused infringing devices employed by a third-party manufacturer and now moves the court to dismiss this action without prejudice.

## II.    CASE BACKGROUND

On January 9, 2015, Sarvint filed this action against Carre Technologies, Inc. for infringement of U.S. Patent Nos. 6,381,482 and 6,970,731 (respectively the "'482 and '731"). Carre answered Sarvint's complaint on March 10, 2015. Although Carre denied infringement, Carre did not challenge the sufficiency of the complaint, make a motion under Rule 12(b)(6), or file counterclaims for declaratory judgment of non-infringement or invalidity. [Dkt. No. 6]. Later the same day, Carre then amended its Answer, again without alleging any substantive challenge. [Dkt. No. 7].

On March 30, 2015, Sarvint filed a First Amended Complaint withdrawing allegations of infringement with respect to the '482 Patent. [Dkt. No. 9]. On April 14, 2015, Carre filed an answer to Sarvint's First Amended Complaint and once more did not challenge the sufficiency of the Complaint. [Dkt. No. 12].

### A.    Sarvint seeks discovery from Carre.

Sarvint served interrogatories and requests for production of documents on April 17, 2015. [Dkt. Nos. 13, 14]. On May 20, 2015, after the deadline for

responding had passed, and in violation of the Court's instructions, Carre filed a motion for protective order requesting the Court defer any discovery until Sarvint proved infringement on the basis that Sarvint needed to show a "prima facie" case of infringement. [*See* Dkt. Nos. 8, 20]. On July 6, 2015, the Court properly denied Carre's motion to stay discovery. [Dkt. No. 38].

### B.     Carre files a motion for summary judgment.

On July 10, 2015, Carre filed a motion for summary judgment alleging an absence of a required element of the asserted patent claims. [Dkt. No. 40]. As of Carre's filing, Sarvint had still not received any discovery from Carre.

On July 11, 2015, one day after filing its motion for summary judgment, Carre renewed its motion for a protective order requesting the Court stay discovery until Carre's motion for summary judgment was heard. [Dkt. No. 41]. Sarvint timely responded to Carre's motion with a request for relief under Federal Rule of Civil Procedure 56(d), on the basis that Carre's motion was based around improper statements of material fact and inadmissible evidence, and that Carre had failed to produce any discovery or make any representatives available for deposition that would allow Sarvint to respond to the pending motion. [Dkt. No. 47]. On October 29, 2015 the Court granted Sarvint's Rule 56(d) motion and extended the time to respond to Carre's motion until January 15, 2016. [Dkt. No. 49]. Further, the Court

extended the time to respond once more, due to that ongoing need for discovery, until February 15, 2016. [Dkt. No. 54].

    **C.**    **Sarvint pursues discovery from Carre.**

Sarvint expended significant efforts obtain discovery from Carre to permit Sarvint to assess Carre's non-infringement position and respond to Carre's motion for summary judgment.[1]

On April 17, 2015, Sarvint served upon Carre requests for Interrogatories and Documents and Things. [Dkt. Nos. 13, 14]. Sarvint received no substantive discovery responses or production by the period with which Carre had to respond. Declaration of Bryan L. Baysinger, ¶ 1, attached hereto as Exhibit "A".

On August 27, 2015, Sarvint sent a letter informing Carre of its discovery responsibilities and highlighting the deficiencies in interrogatories and lack of production of documents. *See* August 27, 2015 correspondence, attached to Exhibit A as Exhibit "1".

On September 29, 2015, Sarvint once again sent a letter reiterating the letter of August 27, 2015, and urging counsel for Carre to produce documents or Sarvint will seek resolution through the Court. *See* September 29, 2015 correspondence, attached to Exhibit A as Exhibit "2".

---

[1] The facts set forth herein provide the basic communications and efforts engaged in by Sarvint as Sarvint suggests that more detail is unnecessary for the Court to determine Sarvint's request for relief.

4

On October 16, 2015, Carre sent Sarvint a letter assuring Sarvint that discovery would arrive soon. *See* October 16, 2015 correspondence, attached to Exhibit A as Exhibit "3".

On October 19, 2015, Carre responded to Sarvint's interrogatories and attached an electronic hyperlink to the produced documents. However, the attached hyperlink was non-functional. *See* October 19, 2015 correspondence, attached to Exhibit A as Exhibit "4".

On November 24, 2015, after repeated email exchange Carre sent a functional hyperlink allowing Sarvint to finally access properly requested documents. *See* November 24, 2015 correspondence, attached to Exhibit A as Exhibit "5". The more substantive documents produced related to the manufacturing process employed by Carre's third-party manufacturer located in Germany. Exhibit A, ¶ 6.

Sarvint reviewed the produced documents and Sarvint expressed to Carre that the documents alone did not support Carre's non-infringement position and that the documents also did not evidence activities of the third-party manufacturer upon which Carre's non-infringement position relied. Exhibit A, ¶ 7. The Parties agreed to a joint telephone call with the third-party manufacturer. Exhibit A, ¶ 8.

On December 2, 2015, the Parties spoke on a joint telephone conference with the third-party manufacturer of Carre's product. Exhibit A, ¶ 9. Following this conversation, Sarvint indicated that if Carre would arrange for the third party

manufacturer to provide a declaration affirming the veracity of the facts related to the manufacturing process as described by the third party manufacturer to Sarvint on the December 2, 2015 telephone conference call then Sarvint represented that it would move to dismiss the case against Carre.  Exhibit A, ¶ 10.  Carre agreed to arrange for the aforementioned declaration from the third party manufacturer. Exhibit A, ¶ 11.

On December 7, 2015, the Parties jointly agreed to an extension of time for discovery and briefing of the pending summary judgment motion to permit Carre to arrange for the third party manufacturer declaration. [Dkt. No. 51].

As of January 7, 2016, Carre had not provided the agreed upon declaration. Exhibit A, ¶ 12.  On that day, the Parties once again jointly moved for an extension of time for discovery and briefing of the pending summary judgment motion to permit more time for Carre to arrange for the third party manufacturer declaration. [Dkt. No. 53].

On January 25, 2016, Carre provided Sarvint with the signed declaration from the third-party manufacturer attesting to the statements made on the December 2, 2015 conference call.  Exhibit A, ¶ 13.

On January 26, 2016, Sarvint proposed a joint dismissal with Carre. Carre objected and refused to join in the dismissal.  Exhibit A, ¶ 14.

Because of Carre's refusal to join in the dismissal, Sarvint has filed this motion to dismiss without prejudice.

## III.   ARGUMENT AND CITATION OF AUTHORITY

### A.   The Court should grant Sarvint's motion to voluntarily dismiss.

District courts enjoy broad discretion in determining whether to allow a voluntary dismissal under Federal Rule of Civil procedure 41(a)(2). *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 857 (11th Cir. 1986). The decision to enter voluntary dismissal under Rule 41 is subject to review only for abuse. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 605 (5th Cir. 1976). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *Id.* at 856–57. "The crucial question to be determined is, would the defendant lose any substantial right by the dismissal." *Durham v. Florida East Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir.1967).

After a defendant answers or files a motion for summary judgment, the plaintiff must obtain permission from the court to voluntarily dismiss. *Arias v. Cameron*, 776 F.3d 1262, 1273 (11th Cir. 2015); *F.R.C.P* 41(a)(1).  Rule 41 contemplates that a plaintiff may voluntarily dismiss an action without prejudice after a summary judgment motion is filed. *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1258 (11th Cir. 2001) (holding the trial court did not abuse its

7

discretion by allowing plaintiff to voluntarily dismiss the action with prejudice, even though discovery had expired, and the defendant's motion for summary judgment was pending). "Indeed, a voluntary dismissal by leave of court under Rule 41(a)(2) after a summary judgment motion is filed is deemed to be without prejudice unless otherwise ordered." *Id.*

Sarvint moves the Court to dismiss this action without prejudice. As in *Pontenberg*, Carre will not suffer clear legal prejudice by dismissing this action without prejudice.[2] *See generally id.*

### B.   Carre's Summary Judgment Motion is Deficient.

The Court should grant Sarvint's motion to voluntarily dismiss rather than rule on Carre's pending motion for summary judgment because the record upon which Carre's motion for summary judgment is based is devoid of any admissible evidence supporting the contentions therein.[3] The material facts cited by Carre are not developed within the record to substantiate its position and do not support its allegations of non-infringement.

---

[2] If the Court has concerns regarding a dismissal without prejudice, the Court can obligate Sarvint to pay costs to Carre should Sarvint later refile. *See Pontenberg*, 252 F.3d at 1260 (*w*here the "practical prejudice" of expenses incurred in defending the action can be "alleviated by the imposition of costs or other conditions," the district court does not abuse its "broad equitable discretion" by dismissing the action without prejudice) (citations omitted).

[3] These evidentiary deficiencies are detailed in Sarvint's Brief in Opposition to Carre's Motion for Summary Judgment, filed contemporaneously)

Carre's Statement of Material Facts regarding non-infringement are based upon a declaration by Mr. Fournier attesting to unauthenticated and unsworn third-party email statements. [*See* Dkt. No. 40-2]. Carre's entire motion is based on unsworn email statements made by a third-party manufacturer forming Carre's unsubstantiated basis of non-infringement. The record is devoid of any admissible evidence indicating non-infringement. The Eleventh Circuit has made it clear that a court may not rely on hearsay at the summary judgment stage. *Reese v. Herbert*, 527 F.3d 1253, 1271 (11th Cir 2008) (Footnote 29); *(citing Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999) ("The general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment") (internal quotations omitted).

### C.   The Court should dismiss without prejudice and declare Carre's Summary Judgment Motion as moot.

The proper relief is to dismiss this case without prejudice. *See Bradley v. MARTA*, 2014 WL 4449874, *2 (N.D. Ga. 2014) (Defendant's claim of delay alone, in the absence of bad faith, is insufficient to justify a dismissal with prejudice.); *Arias v. Cameron*, 776 F.3d 1262, 1273 (11th Cir. 2015) (district court did not abuse its discretion by dismissing the action with a pending motion for summary judgment.); *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 367-68 (5th Cir. 1967) (dismissing actions with prejudice was the most severe sanction and should be imposed only when a clear record of delay or contumacious conduct by the plaintiff

exists.) (internal citations omitted).  Granting Sarvint's requested relief will moot Carre's motion for summary judgment and conserve judicial resources which would otherwise be unnecessarily wasted in analyzing Carre's motion and supporting evidence, which Sarvint contends is inadmissible.

The Court is within its right to dismiss this action and declare Carre's deficient summary judgment motion moot.  As evidenced by the record Carre had failed to satisfy the evidentiary burden of proving its non-infringement argument. Namely, Carre, utilized inadmissible evidence, *i.e.*, unsworn third-party emails from an unauthenticated exchange between a Mr. Fournier and a purported supplier of Carre.

Even further, Carre's statements regarding the email chain from the third-party manufacturer came *prior to Sarvint receiving any discovery evidencing the same—* and thereafter Carre utilized a tactic of tacitly avoiding providing Sarvint with the requested discovery.  As shown in the timeline, Carre's strategy amounted to wasted resources for the Parties. Sarvint, upon receiving discovery from the requests served seven (7) months earlier, determined that the produced discovery did not support Carre's non-infringement position.  Sarvint thus requested Carre provide adequate evidence of the role of a third-party manufacturer to support its position.

After a two (2) month delay, and multiple joint extensions, Carre finally provided acceptable evidence of the role of the third-party manufacturer upon which its non-infringement position relies. Upon verification of the third-party

manufacturers' declaration, Sarvint agreed to dismiss this action and asked Carre to join a motion to dismiss. Carre refused to stipulate to the dismissal and as such Sarvint has provided this memorandum outlining the events for the Court.

Sarvint's motion to dismiss will alleviate Carre's proposition in its summary judgment motion thus mooting a ruling and as such Sarvint's motion should be granted. *See e.g., Pontenberg*, 252 F.3d 1253 (11th Cir. 2001) (holding the trial court did not abuse its discretion by allowing plaintiff to voluntarily dismiss the action with prejudice, even though discovery had expired, and the defendant's motion for summary judgment was pending).

## IV. <u>CONCLUSION</u>

Carre's motion for summary judgment is deficient and based upon unverified statements of material fact. This Court is within its jurisdiction to dismiss without prejudice despite the pending summary judgment motion. In doing so it is important to note Carre has not relinquished any legal right as it has not asserted defenses our counterclaims. Further, the mere burden that another suit may be filed is not enough to constitute a burden upon which prejudicial dismissal is warranted.

In the interest of judicial economy and efficiency Sarvint moves the Court to dismiss this action without prejudice, each party bearing its own fees and costs, and declare Carre's motion for summary judgment moot in light of the dismissal.

Dated this 15th day of February, 2016.

**SCHOENTHALER LAW GROUP**

*/s/ Bryan L. Baysinger*
Peter F. Schoenthaler
Ga. Bar No. 629789
Bryan L. Baysinger
Ga. Bar No. 708496
400 Interstate N. Pkwy. S.E., Ste. 1500
Atlanta, Georgia 30339
Tel: (404) 592-5397
Fax: (404) 891-6120
pfs@pfslawgroup.com
blb@pfslawgroup.com

*Counsel for Sarvint*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SARVINT TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CARRE TECHNOLOGIES, INC. <br><br> Defendant. | CIVIL ACTION NO: <br><br> 1:15-CV-00069-TCB |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date a true and correct copy of the foregoing "MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE AND SUPPORTING MEMORANDUM" was filed with the Court using the Court's CM/ECF service, the "Notice of Electronic Filing" of which is automatically generated by the Court's Electronic Filing System and constitutes service of the filed documents on counsel of record.

This 15th day of February, 2016.

Respectfully submitted,

*/s/ Bryan L. Baysinger*
Bryan L. Baysinger

*Attorney for Sarvint*

13