**DILWORTH IP**
INTELLECTUAL PROPERTY LAW

2 CORPORATE DR., SUITE 206, TRUMBULL, CT 06611 · TEL 203.220.8496 · FAX 203.220.8497 · WWW.DILWORTHIP.COM

October 16, 2015

Peter F. Schoenthaler
The Schoenthaler Law Group
400 Interstate North Parkway, SE
Suite 1500
Atlanta, Georgia 30339

<u>Sent via email</u>

Peter,

Carré has accumulated some discovery to provide to Sarvint, which as we know can take awhile for a small company. I expect to have that to you later today. But, if I may be candid for a moment -- no amount of "discovery" sought by Sarvint on the diverse subjects of invalidity, or alleged damages, goes to the fundamental issue in the case.

Specifically, I cannot figure out how on the present record Sarvint can possibly meet its seminal burden of proving infringement. As we know from the summary judgment motion presently before the Court for decision, the patent claims contain process limitations requiring that the polymeric fabric (which is inherently "non-conductive") <u>not</u> be coated with the conductive coating <u>**prior to being knitted into the fabric**</u>. We had called this missing claim limitation to Sarvint's attention very early in the case.

Moreover, and as we have also discussed, this portion of the process set forth in the patent claim is carried out in a foreign country, which poses yet another substantive patent law and evidentiary problem for Sarvint. Nonetheless, we have told you that we would cooperate with Sarvint to permit Sarvint's taking an efficient deposition of the German manufacturer of the fabric – (i) via video (such as Skype), and (ii) under the Federal Rules of Civil Procedure. This would avoid the substantial expense to Sarvint of travel to Europe, the lack of flexibility

DILWORTH IP · INTELLECTUAL PROPERTY LAW

2 CORPORATE DR., SUITE 206, TRUMBULL, CT 06611 · TEL 203.220.8496  FAX 203.220.8497 · WWW.DILWORTHIP.COM

Page | 2

in inquiry of taking the deposition via written questions under the Convention, etc., etc.

Although we have already filed with the Court a host of documents and the Statement of the German manufacturer on the method of producing the fabric described in the patent claim, such a deposition would further resolve the seminal issue in this lawsuit. If Sarvint does not do so, Sarvint is to be assured that Sarvint's failure to pursue this dispositive evidence will be presented at trial or before trial to the Court (and, if not dismissed at trial under a JMOL, likely then to the jury) as concealment of evidence and/or failure to pursue available evidence, which under the Pattern Jury Instructions is permitted to create a presumption that the non-pursued evidence would have been unfavorable to Sarvint.

Carré appreciates that Sarvint has been busy with the other defendants, who are much larger than Carré.  But, the matter has gone on too long.  It is time for Sarvint to (1) pursue this dispositive evidence, or (2) just dismiss the case with payment of Carré's fees and costs as a reasonable condition. Obviously, Sarvint's other alternative (*i.e.*, of simply doing nothing about resolving Sarvint's problem of proof) will increase Sarvint's exposure for the eventual payment of yet greater attorney's fees and cost.

Finally, and so that there is no issue of ambiguity, Sarvint is respectfully reminded that after trial or other dismissal Carré will be pursuing these facts and requesting these accumulated attorney's fees, which fees will then comprise a substantially greater amount of damage to Carré than Sarvint has already caused.

Respectfully,
*/s/RW Ward*

Robert M. Ward