**DILWORTH IP**
INTELLECTUAL PROPERTY LAW

2 CORPORATE DR., SUITE 206, TRUMBULL, CT 06611 · TEL 203.220.8496 · FAX 203.220.8497 · WWW.DILWORTHIP.COM

October 19, 2015

Peter F. Schoenthaler, Esq.
The Schoenthaler Law Group
400 Interstate North Parkway, SE
Suite 1500
Atlanta, Georgia 30339

**Sent via email**

Re: *Sarvint v. Carré* – further production of documents

### CAUTION: THIS LETTER CONTAINS "HIGHLY CONFIDENTIAL -- ATTORNEY'S EYES ONLY" INFORMATION.

Peter,

Pursuant to Sarvint's prior requests, here are updated Responses to Sarvint's 47 Requests to Produce.

Carré's yet further production of documents is to be found at: https://www.dropbox.com/sh/ivo7emw23parljr/AAA1AmNdNpr4B1UDmBrbp45ha?dl=0

In that regard, the following additional written Responses may be of further assistance in assessing that information and production:

Request 1: (*product guides, instruction manuals, technical specifications, etc.*). Producing documentation available to Carré clients.

Request 2: (*Documents re proof of claims or defenses*) Trial materials not selected, as yet.

Request 3: (*persons believed to have knowledge of any aspect of this lawsuit*) There is no such list. However, see Carré Initial Disclosures. *"All documents and things identifying any Carre employees, former employees, consultants, former consultants and any other persons*

DILWORTH IP · INTELLECTUAL PROPERTY LAW

2 CORPORATE DR., SUITE 206, TRUMBULL, CT 06611 · TEL 203.220.8496  FAX 203.220.8497 · WWW.DILWORTHIP.COM

whom you believe to possess knowledge or information relating to design, construction, components, prototyping, and manufacture of the Carre Accused Products, including but not limited to the function, operation or implementation of the Carre Accused Products."

Page | 2

Request 4: (*Revenues*). Total company revenue is beyond the scope of the accusations. Also, only (i) United States revenue, and (ii) on the accused product, is relevant.

Request 5: (*Revenues and gross margins*). See Request 4. Gross margins on irrelevant products are irrelevant. Separate figures are not kept on the accused products.

Request 6: (*Licenses*). Carré has not entered into any patent license agreement with third parties for the accused products.

Request 7: (*Licenses*). Carré has not entered into any patent license agreement with third parties for the accused products.

Request 8: (*"how Carre learned of the '731 patent and any allegation that Carre infringed the '731 patent"*). Counsel had communicated with Carré by email shortly after the lawsuit was filed in January of 2015.

Request 9: (*"communications about the '731 patent"*). Nothing written. There have been oral conversations with counsel re various patent subjects, which conversations are privileged.

Request 10: (*Statements re infringement subjects*) See Request 9. No written statements with third parties. Only communications with counsel.

Request 11: (*Patents owned*) Carré has no issued United States patents at this time.  For United States pending patent application, see: https://patents.google.com/patent/US20150047091A1/en.  Invoices

DILWORTH IP · INTELLECTUAL PROPERTY LAW

2 CORPORATE DR., SUITE 206, TRUMBULL, CT 06611 · TEL 203.220.8496   FAX 203.220.8497 · WWW.DILWORTHIP.COM

of counsel for patent prosecution work are privileged, and in any event irrelevant.

Request 12: ("*any litigation matter(s) in which Carre has been accused of infringing any patents*"): None.

Request 13: ("*All documents and things identified in Defendant's responses...*"):  Unidentified and ambiguous. Please specify what is alleged not to have been produced.

Request 14: Redundant with Requests 9 and 10. See Responses above.

Request 15: (*Financial statements since 2009*)  The details of financial statements are beyond the scope of the accusations, and moreover have nothing to do with any pending issue in the lawsuit, including the alleged level of sales of the accused products, or whether the accused products are infringing, or whether the patent claims are invalid.

Request 16: (*Federal income tax returns since 2009*) Tax returns particularly in the foreign nation of Canada are beyond the scope of the accusations, and moreover have nothing to do with any pending issue in the lawsuit, including the alleged level of sales of the accused products, or whether the accused products are infringing, or whether the patent claims are invalid.

Request 17: ("*the validity/infringement/enforceability of any claim of the '731 patent;*"). As to invalidity, the documents produced by other defendants are respectfully incorporated by reference herein. Documents re non-infringement have already been produced.

Request 18: (*Documents re defenses*)  Trial strategy has not yet been determined. This request is on-going.

DILWORTH IP · INTELLECTUAL PROPERTY LAW

2 CORPORATE DR., SUITE 206, TRUMBULL, CT 06611 · TEL 203.220.8496   FAX 203.220.8497 · WWW.DILWORTHIP.COM

Request 19: (*Documents to prepare the defense*). This Request for "all" documents and "concerning" the lawsuit is undefined, could encompass almost anything, and thus is not readily answerable. See Request 18.

Request 20: (*Prior Art*) See folder re prior art. Also, see documents produced by other defendants, and particularly including Adidas.

Request 21: (*All documents about US patents and trademark*). See folder (on Dropbox). See especially, documents related to an opposition from the company "SKINS" filed against Carré's Hexoskin® trademark.

Request 22: (*Costs of manufacturing*) This Request has nothing to do with non-infringement, invalidity and/or alleged damages, and thus is beyond the scope of the accusations. Moreover, the Request is an attempt to invade Carré's trade secrets.

Request 23: (*licenses negotiated or considered*) None.

Request 24: (*curriculum vitae of each and every person Carré may call as a witness*) Trial witnesses have not been selected. Apart from Carré personnel, perhaps a person from Statex (Germany) as cited earlier re non-infringement, and whose name has not been established. Thus, there is no résumé. Also, perhaps persons from Carré's technical team.

Request 25: (*Market Studies*) See folder re Market Studies.

Request 26: (*All documents by all things concerning any invention by Carre that relate in any way to the accused products*). Redundant with at least Requests 1, 2, 3, 13, 14, 20, 21, etc.

Request 27: (*All documents and/or things concerning the research and development, manufacture, sale, marketing, promotion, distribution, cost, or profitability of Carre Accused Products, and any improve-

DILWORTH IP · INTELLECTUAL PROPERTY LAW

2 CORPORATE DR., SUITE 206, TRUMBULL, CT 06611 · TEL 203.220.8496   FAX 203.220.8497 · WWW.DILWORTHIP.COM

ments and/or additions thereto.) See hexoskin.com's website, and angellist.com/hexoskin main pages.

Request 28: (*All documents and/or things concerning demonstrations, instructions, notices, user manuals*). Redundant with at least Requests 1 and 27.

Request 29: (*identify the corporate organization, personnel, and structure of Carre*) See Certificate of Constitution. No list of employees, and/or ownership structure is presently known, but in any event is beyond the scope of any issue of noninfringement, invalidity or lack of damages, in this lawsuit.

Request 30: (*Components, etc.*) Carré is the developer and manufacturer. Carré need not identify its subcontractors regarding uncontested elements of the patent claims. Regarding the contested issues, the German company for the metalized fabric has been identified. Carré's supply chain is highly strategic information, and in any event is not relevant to the case.

Request 31: (*All documents and/or things concerning any communications between you and your actual and/or potential customers, vendors and/or suppliers*) This request is far too broad, as requesting every email sent or received over the past 5 years.

Request 32: (*Insurance*): As presently understood, none are presently known.

Request 33: (*Business plan*) As presently understood, none are presently known.

Request 34: (*Projected market share*) These terms are undefined, and none are presently known.

DILWORTH IP · INTELLECTUAL PROPERTY LAW

2 CORPORATE DR., SUITE 206, TRUMBULL, CT 06611 · TEL 203.220.8496   FAX 203.220.8497 · WWW.DILWORTHIP.COM

Request 35: (*Projected profitability*)  As presently understood, none are presently known.

Request 36: (*monthly revenue and expense reports, cost of sales reports, marketing reports, sales reports, and competitive reports*) An explanation may be helpful.  Most of Carré's business is in Canada and other foreign countries. The <u>United States</u> sales figures for 2014-2015 (Carré had shipped very few units into the United States before 2014) are around $97k USD, with gross and (negative) net margins well below that number. (These figures are "Highly Confidential -- Attorney's Eyes Only").

Request 37: (*terms of any agreement between you and each customer … since January 1, 2009.*)  This request is far too broad, as requesting every email sent or received over the past 5 years.

Request 38: (*improvements*)  See documents already produced re non-infringement.

Request 39: (*competitive products*) Redundant with Requests 25 and 33.

Request 40: (*All documents and things you may use at trial*) These documents and /or materials have not as yet been selected. However, see, the already submitted documents re non-infringement.

Request 41: (*Experts and consultants*). These have not as yet been selected. However, see already submitted documents re non-infringement, etc.

Request 42: (*Damages rebuttal*). Rebuttal documents obviously have not been selected, inasmuch as Carré has not yet seen Sarvint's damages case.

DILWORTH IP · INTELLECTUAL PROPERTY LAW

2 CORPORATE DR., SUITE 206, TRUMBULL, CT 06611 · TEL 203.220.8496  FAX 203.220.8497 · WWW.DILWORTHIP.COM

Request 43: (*Damages case*). Documents specifying Carré's attorney's fees expended will be identified at a suitable time before trial.

Request 44: (*Documents re interpretation of claims*). Not yet determined. But, however, see (i) patent specification, drawings and claims; (ii) patent file history; and (iii) identified prior art, *supra*.

Request 45: (*documents re design-around*) Not applicable. Carré did not know about the patent-in-suit.

Request 46: (*policy on maintenance or destruction of documents*) No such policy exists at Carré.

Request 47: (*joint defense agreement*) As presently advised, this is deemed to be privileged information, and moreover appears to be irrelevant. However, if such a document and/or relationship were to exist, and if others in concert therewith would not oppose production, Carré would then seek to re-evaluate its position.

Please let me know if you have any questions.

Respectfully,

*Bob*

Robert M. Ward